```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :
THE TRAVELERS INDEMNITY COMPANY,                        :
                                                        :
                            Plaintiff,                  :
                                                        :        24-CV-734 (JMF)
             -v-                                        :
                                                        :            ORDER
UNDERWRITERS AT LLOYD'S, LONDON                         :
(LLOYD'S LONDON),                                       :
                                                        :
                            Defendant.                  :
                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      The Travelers Indemnity Company ("Travelers") brings this action against the Underwriters at Lloyd's, London ("Lloyd's"), invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. Section 1332, Title 28, United States Code provides for diversity jurisdiction over — as relevant here — lawsuits between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). A federal court has an independent obligation to assure itself that jurisdiction exists. *See id.* at 48. A complaint that fails to adequately allege the parties' citizenship does not properly invoke a federal court's diversity jurisdiction. *See, e.g.*, *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996).

      As the Second Circuit has explained, Lloyd's, an unincorporated insurance marketplace made up of anonymous underwriters, "presents a unique structure for jurisdictional analysis." *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998). For any given Lloyd's policy, these anonymous underwriters, called "syndicates," invest in a percentage of the risk and are held responsible for their shares of the loss on that policy. *Id.* at 928. As an unincorporated business organization, "Lloyd's has the citizenship of each of its members." *Prime Prop. & Cas. Ins. Inc. v. Elantra Logistics LLC*, 2021 WL 4066737, at *3 (S.D.N.Y. Sept. 7, 2021). This means, as the Second Circuit held in *E.R. Squibb & Sons*, that "when a Lloyd's lead underwriter is sued in a representative capacity . . . each and every [syndicate] whom the lead underwriter represents must be completely diverse" for the purpose of subject matter jurisdiction under Section 1332. 160 F.3d at 939.

      Here, the Complaint in this case merely alleges that Lloyd's is "a corporation domiciled in England authorized to issue insurance policies in the State of New York." *See* ECF No. 1 ("Compl.") ¶ 3. Travelers neither identifies a lead underwriter nor alleges the citizenship of the syndicates for the relevant policy (No. FINFR2104307, *see* Compl. ¶ 8). The Complaint therefore fails to allege complete diversity of citizenship for the purpose of establishing the Court's subject matter jurisdiction.

On May 30, 2024, Lloyd's filed a disclosure statement pursuant to Rule 7.1 of the Federal Rules of Civil Procedure identifying the syndicates for that policy.  *See* ECF No. 27.  While the disclosure statement provides the citizenships for many of those syndicates, it does not supply that information for all of them.  *See, e.g.*, ECF No. 27, at ¶¶ j, m, n, o, p.  And these disclosures do not change the fact that the Complaint itself fails to allege complete diversity of citizenship given Lloyd's unique structure.

Accordingly, it is hereby ORDERED that, on or before **June 24, 2024,** Plaintiff shall amend the Complaint to allege the citizenship of each constituent syndicate.  If Plaintiff does not amend the Complaint to adequately allege the parties' citizenship by that date, the Court may dismiss this action for lack of subject matter jurisdiction without further notice.

SO ORDERED.

Dated: June 10, 2024
      New York, New York

_____
JESSE M. FURMAN
United States District Judge