```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
THE TRAVELERS INDEMNITY COMPANY,                                       :
                                                                       :
                                  Plaintiff,                           :
                                                                       :        24-CV-734 (JMF)
                  -v-                                                  :
                                                                       :        OPINION AND ORDER
UNDERWRITERS AT LLOYD'S, LONDON                                        :
(LLOYD'S LONDON),                                                      :
                                                                       :
                                  Defendant.                           :
                                                                       :
-----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

This is a dispute between two insurance companies, the Travelers Indemnity Company ("Travelers") and Underwriters at Lloyd's, London ("Underwriters"), regarding insurance coverage of a personal injury lawsuit pending in New York state court. Travelers seeks a declaration that Underwriters has a duty to both defend and indemnify a defendant in the state action. Now pending are the parties' cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons that follow, the Court concludes that Underwriters has a duty to defend in the state court action but that it is too early to determine if it also has a duty to indemnify. Accordingly, Traveler's motion is GRANTED in part and DENIED in part, and Underwriters' motion is DENIED in full.

## BACKGROUND

The relevant facts, taken from admissible materials submitted by the parties in connection with their cross-motions, are undisputed.

1995-2003 Jerome Avenue ("Jerome Avenue") owns a multi-tenant property in the Bronx, New York. Jerome Avenue leased one of the units in that building — 2001A Jerome

Avenue (the "Leased Premises") — to Pawnit Jerome Corp. ("Pawnit"). ECF No. 44 ("Pl.'s SOF"), ¶ 9. In the personal injury action underlying this case (the "Underlying Action"), Randolph Calosso alleges that, on or about October 18, 2021, he was walking on the public sidewalk in front of the Leased Premises when he tripped and fell, sustaining serious injuries. *See* ECF No. 49 ("Def.'s SOF"), ¶ 28; Pl.'s SOF ¶ 14; ECF No. 50-1 ("Pl.'s SOF Response"), ¶ 28. Calosso sues both Jerome Avenue and Pawnit, alleging that his injuries were caused by the negligence of each (or both) in their ownership, operation, management, supervision, maintenance, and control of the Leased Premises. *See* Pl.'s SOF ¶¶ 15-16.

Travelers issued a policy providing general liability coverage to Jerome Avenue and, pursuant to that policy, has provided and continues to provide a defense to Jerome Avenue in the Underlying Action. *Id.* ¶¶ 1-2, 19. The Travelers' policy contains an "other insurance" provision, which states that coverage under the policy is

> excess over any of the other insurance, whether primary, excess, contingent or on any other basis, that is available to the insured *when the insured is an additional insured*, or is any other insured that does not qualify as a named insured, under such other insurance.

*Id.* ¶ 3 (emphasis added).

Meanwhile, Underwriters issued a policy providing general liability coverage to Pawnit. *Id.* ¶¶ 4-5. As relevant here, that policy includes the following provision regarding "additional insureds":

> The following persons or organizations are additional insureds under this policy and coverage provided to such additional insureds is limited as provided herein:
>
> . . .
>
> C. Additional Insured—Managers Or Lessors of Premises
>
> A manager or lessor of premises but only with respect to liability arising out of the ownership, maintenance or use of that specific part of the premises leased to you and subject to the following additional exclusions: This insurance does not apply to:

> (a) Any "occurrence" which takes place after you cease to be a tenant in that premises; or
>
> (b) Structural alterations, new construction or demolition operations performed by or on behalf of such additional insured.

*Id.* ¶ 7. The Underwriters' policy also includes two exceptions for additional insured coverage. Specifically, it "does not apply" to (1) "any 'occurrence' which takes place after the agreement or lease expires"; or (2) "the 'bodily injury' or 'property damage' arising out of the sole negligence of such additional insured." *Id.*

On June 8, 2022, Travelers tendered the defense and indemnity of Jerome Avenue in connection with the Underlying Action to Pawnit, Underwriter's insured. *Id.* ¶ 20. Underwriters rejected Travelers' tender and, to date, has refused to accept the defense and indemnification of Jerome Avenue in connection with the Underlying Action. *Id.* ¶ 21; Def.'s SOF ¶ 22. Thereafter, Travelers filed this action seeking a declaration that Underwriters has a duty to defend and indemnify Jerome Avenue in the Underlying Action. *See* ECF No. 1.

## LEGAL STANDARDS

Summary judgment is appropriate where the admissible evidence and pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (per curiam). A dispute over an issue of material fact qualifies as genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an

essential element of the nonmoving party's claim." *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (citing *Celotex*, 477 U.S. at 322-23); *accord PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam).  By contrast, to defeat a motion for summary judgment, the non-moving party must advance more than a "scintilla of evidence," *Anderson*, 477 U.S. at 252, and demonstrate more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-moving party "cannot defeat the motion by relying on the allegations in [its] pleading or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible."  *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996).

## DISCUSSION

As noted, Travelers seeks a declaration that Underwriters has a duty to defend and a duty to indemnify Jerome Avenue in the Underlying Action.  The Court will address each in turn.

**A. Underwriters' Duty to Defend**

Under New York law — which the parties agree applies, *see* ECF No. 45 ("Pl.'s Mem."), at 10; ECF No. 48 ("Def.'s Opp'n"), at 7 — "[a]n insurer's duty to defend its insured is exceedingly broad."  *Regal Const. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 15 N.Y.3d 34, 37 (2010) (internal quotation marks omitted).  An insurer must defend its insured — whether the named insured or an "additional insured" — "whenever the allegations of the complaint suggest a reasonable possibility of coverage."  *Euchner-USA, Inc. v. Hartford Cas. Ins. Co.*, 754 F.3d 136, 141 (2d Cir. 2014) (internal quotation marks omitted); *see also Kassis v. Ohio Cas. Ins. Co.*, 12 N.Y.3d 595, 599-600 (2009) (explaining that "'[a]dditional insured' is a recognized term in insurance contracts, and the well-understood meaning of the term is an entity enjoying the *same* protection as the named insured" (internal quotation marks omitted)).  "If, liberally

4

construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be." *Euchner-USA, Inc.*, 754 F.3d at 141 (internal quotation marks omitted). And even where the underlying complaint does not itself suggest a reasonable possibility of coverage, an insurer has a duty to defend if "underlying facts made known to the insurer create a reasonable possibility that the insured may be held liable for some act or omission covered by the policy." *Fitzpatrick v. Am. Honda Motor Co.*, 78 N.Y.2d 61, 70 (1991) (internal quotation marks omitted). "Any doubt as to whether the allegations state a claim within the coverage of the policy must be resolved in favor of the insured and against the carrier." *Euchner-USA*, 754 F.3d at 141.

Here, the parties' dispute turns on whether Jerome Avenue qualifies as an "additional insured" under the Underwriters policy, which, as noted, defines "additional insureds" to include "[a] manager or lessor of premises but only with respect to liability arising out of ownership, maintenance or use of that specific part of the premises leased." Pl.'s SOF ¶ 7. The central question is whether additional insured coverage under this provision is triggered by an accident that took place on the sidewalk outside the Leased Premises. As to that issue, the Court does not write on a blank slate. Relying on the portion of the policy language referring to liability arising from the "maintenance or use" of leased premises, "New York courts have held that additional insured coverage is triggered for accidents that occur in areas that serve as points of ingress or egress from the leased premises." *Technology Ins. Co., Inc. v. Philadelphia Indemnity Ins. Co.*, 642 F. Supp. 3d 445, 460 (S.D.N.Y. 2022). This rule derives from the New York Court of Appeals' decision in *ZKZ Associates LP v. CAN Ins. Co.*, 679 N.E.2d 629 (1997), which involved a pedestrian who allegedly tripped and fell on the sidewalk outside a building leased by the plaintiff to the named insured, a garage operator. *Id.* at 629-30. The Court of Appeals held

5

that "[t]he part of the sidewalk where the alleged accident occurred was necessarily used for access in and out of the garage Guardian operated and was thus, by implication, 'part of the . . . premises' that Guardian was licensed to use under the parties' agreement." *Id.* at 630. Accordingly, it concluded, "the claim arose out of 'the ownership, maintenance [or] use of' the garage." *Id.* In a more recent unpublished opinion, the Second Circuit endorsed a broad application of the *ZKZ Associates* holding, stating that the rule should be applied when interpreting a coverage exclusion or insuring agreement "after an insurer denies coverage for an additional insured on the ground that the underlying injury occurred on a sidewalk that the insurer claims is not part of the leased premises." *Peerless Ins. Co. v. Technology Ins. Co., Inc.*, 829 Fed. App'x 549, 551 (2d Cir. 2020) (summary order) (collecting cases).

      Applying that principle to this case, the Court concludes that Jerome Avenue qualifies as an "additional insured" under the Underwriters policy. It is undisputed that the alleged accident took place on the sidewalk outside the Leased Premises. And nothing in the record casts doubt on the conventional wisdom expressed by *ZKZ Associates* and its progeny as it applies to this case — i.e., that the sidewalk outside a premises is necessarily a point of ingress. The Court thus concludes that, under the holding of *ZKZ Associates*, the sidewalk in question is "by implication, 'part of the premises'" in question. *Id.* It matters not that the terms of the lease do not expressly define the abutting sidewalk as part of the Leased Premises, *see* Def.'s Opp'n 9-10, or include structural repair of the sidewalk as part of Pawnit's maintenance obligations, *see id.* at 10, because the central question is whether the sidewalk is "necessarily" part of the Leased Premises "by implication." *ZKZ Associates*, 679 N.E.2d at 629-30. And on that question, the New York Court of Appeals has spoken.

Underwriters objects that *ZKZ Associates* is inapposite because, in that case, the terms of "the garage operator's insurance policy include[ed] the roads and access points to the garage as part of the garage operations." Def.'s Opp'n 14-15. The problem with that objection is that, aside from the boilerplate "additional insured" provision, the New York Court of Appeals did not mention the other terms of the policy at all. Indeed, Underwriters' assertion that "the Court relied on the language of [the policy]," Def.'s Opp'n 14, is doubly misleading — first because it was the intermediate appellate court, *not* the New York Court of Appeals, that referenced the policy's definition of "garage operations," *compare ZKZ Associates LP v. CAN Ins. Co.*, 224 A.D.2d 174, 175 (N.Y. 1st Dep't 1996), *with ZKZ Associates*, 679 N.E.2d at 629-30; and second because the intermediate appellate court expressly disavowed reliance on those terms, explaining that "[e]ven *without reference* to the policy definition of 'garage operations,' the uncontested fact that vehicles seeking to use the garage must necessarily have crossed a portion of the sidewalk in order to enter and depart from the facility would clearly trigger the express coverage provided . . . since the alleged defects in the part of the sidewalk would be predicated upon 'liability *arising out of . . . use* of that part of the demised premises' operated and maintained by Guardian," *ZKZ Associates*, 224 A.D.2d at 175 (first emphasis added).

Underwriters' other responses fail as well. Underwriters contends, for example, that *ZKZ Associates* and its progeny are inapplicable because "[t]he sidewalk slab upon which Calosso allegedly tripped and fell was not unique to Pawnit's location" and that "the defective sidewalk slab was located closer to the adjacent tenant's premises." Def.'s Opp'n 14. But the proximity of the sidewalk slab to another tenants' premises does not change the fact that the sidewalk served as a necessary point of access for the Leased Premises. Nor does Underwriters' bare assertion that "[a] Pawnit customer would arguably not even need to traverse the defective

7

sidewalk slab to enter Pawnit's shop," *id.*, change the analysis. First, the parties do not dispute Calosso's allegation that he tripped on the sidewalk outside the Leased Premises. *See, e.g., Carter v. City of New York*, 427 F. Supp. 2d 307, 320 (S.D.N.Y. 2004) ("Conclusory allegations are never alone sufficient to create a genuine issue of material fact." (citing *Fujitsu Ltd. v. Federal Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001)). Second, and in any event, "[i]t is obvious that the entire sidewalk in front of [the Leased Premises] is necessary for access to or from the [building], even though a [person] would use only a portion of the sidewalk entering or leaving as determining by the intended direction of travel on [the street]." *Leading Ins. Grp. Ins. Co., Ltd. v. Greenwich Ins. Co.*, 44 Misc. 3d 435, 444 (N.Y. Sup. Ct. 2014).

Underwriters next asserts that the *ZKZ Associates* rule does not apply here because Calosso "never intended to enter the Leased Premises." Def.'s Opp'n 10. That fact, too, is beside the point. The fact that the claimant was only a passerby is "irrelevant as to whether [Jerome Avenue] had a duty under New York law to the Claimant by virtue of its ownership of the leased abutting premises" because liability "is imposed without regard to whether the sidewalk might be or is used by the tenant's patrons or by passersby." *Technology Ins. Co., Inc.*, 642 F. Supp. 3d at 464-65 (cleaned up); *see also Greenwich Ins. Co.*, 44 Misc. 3d at 444 (noting that "any contention that liability for [claimant's] fall would not be covered because she was not entering or leaving [the premises]" is "immaterial").

Finally, the cases upon which Underwriters relies in support of its motion are either distinguishable or unpersuasive. For instance, Underwriters cites the Second Department's decision in *Christ the King Regional High School v. Zurich Insurance Co. of North America*, 91 A.D.3d 806 (N.Y. 2d Dep't 2012), which denied coverage under a similar "additional insured" provision. *See* Def.'s Opp'n 10-11. But in that case, the sidewalk on which the injury allegedly

took place was further removed from the leased premises. The leased premises at issue included a school auditorium and three classrooms reserved for a dance competition, while the injury occurred on a sidewalk near the school parking lot. *See Christ the King*, 91 A.D.3d at 806-07. Underwriters also cites *Leading Insurance Group Insurance Co., LTD v. Argonaut Great Central Insurance Co.*, 2015 WL 1865672 (N.Y. Sup. Ct. 2015), and *Strathmore Insurance Co. v. Massachusetts Bay Insurance Co.*, 2020 WL 6715003, (N.Y. Sup. Ct. 2020), two New York Supreme Court decisions denying additional insured coverage for accidents that took place on the sidewalk outside of leased premises. *See* Def.'s Opp'n 11-13. In both cases, denial of coverage rested on the fact that "the lease did not provide that the sidewalk crossing in front of the premises was included in the leased premises." *Argonaut Great*, 2015 WL 1865672, at *5; *Strathmore Ins. Co.*, 2020 WL 6715003, at *2-3 (same). But, as discussed, the upshot of *ZKZ Associates* is that the sidewalk in front of a premises is "*by implication*, part of the premises." 679 N.E.2d at 630 (cleaned up) (emphasis added). The Court thus declines to follow the decisions in *Argonaut Great* and *Strathmore*.[1]

In the alternative, Underwriters argues that additional insured coverage is excluded because its policy does not apply to bodily injury arising out the "sole negligence" of Jerome Avenue. Specifically, the "Who Is an Insured" provision of the policy provides that the insurance does not apply "[t]o 'bodily injury' or 'property damage' arising out of the sole negligence of such additional insured." Pl.'s SOF ¶ 7. This exclusion applies here, Underwriters contends, because "Jerome Avenue had the sole obligation for maintenance and repair of the sidewalk slabs adjacent to the Leased Premises. Therefore, any trip and fall injury occurring as a

---

[1] Notably, the *Argonaut Great* court acknowledged that its holding was in tension with other decisions applying *ZKZ Associates*. *See Argonaut Great*, 2015 WL 1865672, at *5 n.1.

result of a defect in a sidewalk slab could only be due to Jerome Avenue's sole negligence." Def.'s Opp'n 17. Measured against an insurer's "exceedingly broad" duty to defend, however, this alternative argument fails as well. *Regal Const. Corp.*, 15 N.Y.3d at 37. The complaint in the Underlying Action alleges that Pawnit "maintained" and "performed repairs" on "the premises and appurtenances and fixtures . . . at 2001A Jerome Avenue" and that Calosso "was caused to sustain serious injuries" as a result of Pawnit's and Jerome Avenue's negligence "in the ownership, operation, management, supervision, maintenance and control of the aforesaid premises." ECF No. 42-3, at 2-3. Moreover, even Underwriters acknowledges that Pawnit's lease delegated some responsibility for sidewalk upkeep to Pawnit. *See* Def.'s Opp'n 17. It follows that "[t]he allegations in the complaint do not preclude a finding at trial that [Calosso's] injuries were caused by the contributory negligence of others, such as [Pawnit]" and that "there is a possibility in the Underlying Action that [Jerome Avenue] will be found liable based on something other than its sole negligence." *Employers Ins. Co. of Wausau v. General Star Nat. Ins. Co.*, No. 03-CV-6575 (DLC), 2004 WL 1555143, at *4 (S.D.N.Y. July 9, 2004); *see, e.g.*, *County of Onondaga v Penetryn Systems*, 84 A.D.2d 934, 935 (N.Y. 4th Dep't 1981) (finding that "whether the accident was caused by the fault of one or more defendants" should be "decided upon the trial of the primary actions and until they are decided, plaintiff is entitled to a defense from defendants").

     In short, the complaint in the Underlying Action raises the possibility of coverage sufficient to trigger Underwriters' duty to defend Jerome Avenue. Accordingly, on that issue, Travelers' motion for summary judgment is granted and Underwriters' motion is denied.

B.  **Underwriters' Duty to Indemnify**

The remaining issue — whether Underwriters is required to indemnify Jerome Avenue in the Underlying Action — requires little discussion.  The duty to indemnify is "distinctly different" from the duty to defend, *Servidone Constr. Corp. v. Sec. Ins. Co. of Hartford*, 64 N.Y.2d 419, 424 (1985), as it is measured by the "actual basis for the insured's liability" rather than "the allegations of [the] pleadings," *Euchner-USA, Inc.*, 754 F.3d at 140.  Thus, unlike the duty to defend, "the duty to indemnify arises only when a third party's claim actually lies within a policy's coverage." *Spandex House, Inc. v. Hartford Fire Ins. Co.*, 407 F. Supp. 3d 242, 249 (S.D.N.Y. 2019), *aff'd*, 816 F. App'x 611 (2d Cir. 2020) (emphasis omitted).  Whether Underwriters has a duty to indemnify under those standards cannot be determined at this time. As noted, for example, the Underwriters policy provides that it will not cover an additional insured for an injury caused by its sole negligence.  Pl.'s SOF ¶ 7.  Trial in the Underlying Action will shed light on, if not resolve, that issue.  *See Starr Indemnity & Liability Co. v. Excelsior Ins. Co.*, 516 F. Supp. 3d 337, 350 (S.D.N.Y. 2021) (collecting cases to describe the "uncontroversial proposition that courts will defer a decision on indemnification until there has been a determination on liability in the underlying litigation"); *see, e.g.*, *Pavarini Constr. Co. v. Liberty Mut. Ins. Co.*, 270 A.D.2d 98, 99 (N.Y. 1st Dep't 2000) (holding that summary judgment as to the duty to indemnify was premature where the policy contained an exception for injuries caused by negligent acts of the additional insured and there had not yet been a negligence determination in the underlying action).  Accordingly, the parties' cross-motions for summary judgment with respect to whether Underwriters has a duty of indemnify Jerome Avenue are denied as premature, without prejudice to renewal after completion of the Underlying Action. *See, e.g.*, *Travelers Prop. Cas. Corp. v. Winterthur Int'l*, No. 02-CV-2406 (SAS), 2002 WL

1391920, at *6-7 (S.D.N.Y. June 25, 2002); *Penguin Air Conditioning Corp. v. Travelers Indemnity Co.*, No. 20-CV-3377 (JMF), 2021 WL 4392299, at *8 (S.D.N.Y. Sept. 24, 2021).

## CONCLUSION

For the foregoing reasons, Underwriters has a duty to defend Jerome Avenue in the Underlying Action but it is too early to say whether it also has duty to indemnify. Accordingly, Travelers' motion for summary judgment is GRANTED in part and DENIED in part, and Underwriters' motion for summary judgment is DENIED in full. With respect to the issue of indemnification, the denial of the parties' cross-motions is without prejudice to renewal following resolution of the Underlying Action.

The parties shall confer and, within **two weeks of the date of this Opinion and Order**, file a joint letter addressing next steps, including (1) whether partial judgment should be entered, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, as to the claim resolved in this Opinion and Order; and (2) whether the action should be otherwise stayed pending a resolution of the Underlying Action. If either party believes that partial judgment should be entered under Rule 54(b), the parties should also file a proposed partial judgment.

The Clerk of Court is directed to terminate ECF Nos. 40 and 46.

SO ORDERED.

Dated: June 23, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge